FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 24 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

CAROLYN WILBON                      CIVIL COMPLAINT
C/O RONALD WILBORN                  JURY TRIAL DEMANDED

_____

PLAINTIFF                           CASE NO.

VS.                                 1 08-cv-2983 TCB

WELLS FARGO BANK, N.A.
OPTION ONE MORTGAGE CO.
LIBERTY FINANCIAL MORTGAGE GROUP, INC
AMERICAN HOME MORTGAGE SERVICES INC.
MCCURDY & CANDLER, L.L.C,
THOMPSON HINE L.L.P
SELECT REAL ESTATE HOLDING, L.L.C.

_____

DEFENDANT (S)

VIOLATION OF 15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2)
VIOLATIONS 28 USC 1441, 12 USC 2603(a) 2604(c) and regulation X
24 CFR section 3500.7(a)

COMES the Plaintiff and says to this Court that the enumerated allegations

Against the Defendants are true and have occurred and that this Court by

virtue of the Federal Statues listed above have exclusive jurisdiction over

over this suit.

Plaintiff states the following:

## *Preliminary Statement*

That this civil action undertaken for Carolyn Wilbon, herein after
referred to as "Plaintiff" for injunctive relief, dilatory and damages under
15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2) 28 USC 1441,
12 USC 2603(a) 2604(c) and regulation X 24 CFR section 3500.7(a).
This action also seeks relief for the state tort claims of civil conspiracy and
Fraudulent conveyance.

## *Jurisdiction*

1.  This Court has exclusive jurisdiction over the Plaintiff's claims of
    VIOLATION OF 15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23
    (d)(2) VIOLATIONS 28 USC 1441, 12 USC 2603(a) 2604(c) and
    regulation X 24 CFR section 3500.7 (a).

2.  This Court has pendent jurisdiction over Plaintiff's state tort claims.

## *Parties*

3.  The Plaintiff Carolyn Wilbon is a citizen of the United States by

Virtue of the Fourteenth Amendment to the United States

Constitution and is domiciled by virtue of this action and the Property

In question, real property at 2123 Wisteria way, Atlanta Georgia,

DEKALB County.

4.  Ronald Wilborn is a party serving as trustee for Carolyn Wilbon  and

   Duly authorized to act in behalf of Plaintiff, with a physical address

   of 176 Mayson Ave, Atlanta Georgia, Fulton County. See Exhibit A.

5.  Wells Fargo Bank, N.A. is a Defendant and is Foreign Corporation

   with its principal office at 464 California St. San Francisco, CA

   94163.

6.  Liberty Financial Mortgage Group, Inc is a Defendant in this action

   With a principal office at 1720 Windward Concourse suite 100

   Alpharetta, Georgia, 30005.

7.  American Home Mortgage Servicing, Inc is a Defendant in this

   Action with a principal office at 4600 Regent Blvd suite 200 Irving,

   Texas 75063-1730.

8.  Option One Mortgage, Inc is a Defendant in this action with a

   Principal address of 3 ADA, Irvine, California, 92618.

9.  Thompson HINE, L.L.C. is a Defendant in this action with a

Principal address of 3900 Key Center, 127 Public SQ

Cleveland, Ohio 44114 .

10. MCCURDY & CANDLER, L.L.C. is a Defendant in this action

Principal address of Suite 600 250 East Ponce Deleon Avenue

Decatur, Georgia 30030.

11. SELECT REAL ESTATE HOLDING, L.L.C. is a Defendant in this

Action with a principal address of 10945 State Bridge Rd, Suite

401-300, Alpharetta, Georgia, 30022.

## FACTS

12. That on or about November 1, 2006 the Plaintiff entered into a

contract to buy a home located at 2123 Wisteria Way, Atlanta

Georgia, 30317. Plaintiff sought the assistance of Ronald Wilborn

her nephew. Ronald Wilborn referred Plaintiff to Liberty Financial

Mortgage Group, Inc and a Loan officer Steve Leahy, who was

referred to Ronald Wilborn. See Exhibit A.

13. Liberty Financial Mortgage Group Inc and Steve Leahy in an

effort to the get Plaintiff's business. The Plaintiff was sent a good

faith estimate, for the purchase price of $ 355,000.00.  The Plaintiff

was told in spite of her Fico score being over 725, she was not

entitled to a Single Conventional Loan at a fixed rate.. See exhibit B.

14. Plaintiff was initially told that she was going to finance this Home

through Bank of America and was told by Mr. Leahy that he had

locked the rate in at Bank of America at or around 7%.

15. After many calls and constant changes and missing the locked rate

Date with Bank of America. The Plaintiff was told that she had to get

a loan through another Bank, because Bank of America was no

longer doing Wholesale Loans through Mortgage Companies, rather

all loans were being done through the Bank branches. The Plaintiff

having a great relationship with Bank of America and a Mortgage

already with them was discouraged by Steve Leahy from applying.

Instead Steve Leahy told the Plaintiff that he had another Loan

already approved through Option One at a slightly higher rate maybe

.025. Ronald Wilborn advised the Plaintiff that Option One was a

secondary finance source. However Liberty Financial Mortgage Inc,

and Steve Leahy told the Plaintiff that Option One has a " Primary

Lending Branch".

16. Liberty Financial Mortgage Inc, violated 28 USC 1441, 12 USC

2603(a) 2604(c) and regulation X 24 CFR section 3500.7(a) by never

providing the Plaintiff with required HUD-1 or HUD-1A  that

resembled the eventual loan she was later pressured to sign with the

suggestion that she could refinance the loan later, and that loan would

be taken off the table.  After constantly submitting her loan to

different loan sources, this further lowering the Plaintiff's credit

scores.

17. Liberty Financial Mortgage Inc not only changed the lender but the

Interest Rate and the selling price and amount financed, the Plaintiff

would learn later, by having the Property appraised by Steve

Leahy's father at a inflated value could cause a higher loan amount.

18. Liberty Financial Mortgage Inc, performed a "mail away" where the

Loan documents were sign outside of the State of Georgia and never

fully disclosed to the Plaintiff. The Plaintiff signed for a loan that was

never supported by any HUD-1 or HUD-1A paperwork mailed prior

to going in to sign the loan. The payments were over $300.00 more

than any HUD-1 disclosure ever received by the Plaintiff, having the

Plaintiff to believe that the payment included insurance, which was not true. See EXHIBIT C.

19. Liberty Financial Mortgage Inc failed to disclose any Affiliated Business Arrangement Disclosure with respect to Wells Fargo Mortgage being the actual "creditor" in this loan with Option One Mortgage, serving as a PSA. See exhibit D.

20. Wells Fargo Mortgage being a mortgage lender failed to act with any Transparency. Plaintiff was never aware of any Affiliated Business Arrangement between Wells Fargo Mortgage and Option One Mortgage.

21. The Plaintiff maintains that this lack of transparency is a common practice of Wells Fargo Mortgage as well as other Mortgage lenders which contributed to a higher mortgage payment to the Plaintiff.

22. Wells Fargo Mortgage violated 28 USC 1441, 12 USC 2603(a) 2604(c) and regulation X 24 CFR section 3500.7(a) never notifying Plaintiff within 15 days after being assigned this loan or purchasing this loan. The Plaintiff only found out anything with regards to Wells Fargo Mortgage prior to foreclosure proceeding. See Exhibit F.

23.  Wells Fargo Mortgage conducted a foreclosure with " Sale Under Power " while knowing that the Plaintiff had revoked said power. See Exhibit D & E.

24. Option One Mortgage violated 15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2) by never sending Plaintiff any HUD-1 or HUD -1A, prior to closing the loan. See Exhibit B & C.

25. Option One Mortgage lack of an Affiliated Business Arrangement Disclosure contributed to a higher payment to the Plaintiff and "kick backs" and undisclosed referral fees between Option One Mortgage and Wells Fargo Mortgage.

26. Option One Mortgage violated RESPA regulations by its failure in providing the Plaintiff with the required Special Information Booklet, and a transparent Mortgage Servicing Disclosure Statement, which indicating that Wells Fargo Mortgage was in fact the "Creditor" and that they were merely servicing the loan.

27. Option One Mortgage failed to comply or respond to the Plaintiff 's Request for Remedy under 15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2) within 20 days but chose to respond with a "funny

Money letter", and proceed with foreclosure proceedings.  See exhibit F & G.

28. Option One Mortgage conducted a foreclosure with " Sale Under Power " while knowing that the Plaintiff had revoked said power. See Exhibit E.

29. American Home Mortgage Servicing Inc while sending out required RESPA notices on July 01, 2008, indicating that they are the present Servicer for both the First and Second Mortgage having been serviced Previously by Option One Mortgage was dated after correspondence From Option One Mortgage by and through McCurdy& Candler, L.L.C., indicating that Wells Fargo Mortgage was the Creditor for The first and second. See Exhibits H & I.

30. American Home Mortgage Servicing Inc continues to harass the Plaintiff, calling to collect payments on Loan that was allegedly Foreclosed through a non judicial foreclosing proceeding while not Having been given such authority through a judicial proceeding to Collect any "shortage" or having to prove said shortage through a Judicial proceeding.

31. American Home Mortgage Servicing, Inc. letter indicates that Option One Mortgage was always a "SERVICER" and never a creditor as the loan documents indicated. The Plaintiff agrees with Option One's answer to Plaintiff's letter dated March 27, 2008, that this was Some "funny" money without full disclosure or transparency from Whom or where it came from. See Exhibit J.

32. MCCURDY & CANDLER, L.L.C, a Law Firm serving as a Debt Collector ignored Plaintiff's request for remedy under 15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2) and proceeded with Foreclosure proceeding under "Sale Under Power" while being in Possession on Plaintiff's revocation of power of attorney. See Exhibit E & K.

33. THOMPSON HINE L.L.P, a law firm, responded to the Plaintiff's Request for remedy under 15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2) for Wells Fargo Mortgage that the right of rescission Expired on February 18, 2007, while never noting that the TILA Statue expands that 3 days to 3 years in instances where (1) failure to Deliver of material TILA disclosure. (2) notices of HUD-1 or HUD-1A to Borrower that was consistent with the contract signed.

(3) Truth in Lending and transparency detailing whom the creditor

   Was and any Affiliated Business Arrangements with Option One

   Mortgage, but rather give the appearance that Option One was

   Providing the funds necessary to purchase property. See Exhibit C

34.  THOMPSON HINE L.L.P, a Law Firm serving as a Debt

   Collector ignored Plaintiff's request for remedy under 15 USC 1635

   (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2) and proceeded with

   Foreclosure proceeding under "Sale Under Power" while being in

   Possession on the Plaintiff's revocation of power of attorney. See

   Exhibit E & L.

35. That SELECT REAL ESTATE HOLDINGS, L.L.C. actions and

   "CASH FOR KEYS OFFER" See Exhibit K constitute an illegal

   Correspondence to take possession under State of Georgia law

   Until such time that a Writ of Possession has been issued in a Judicial

   Proceeding through DEKALB COUNTY. The Plaintiff ask the court

   to exercise it state tort authority and have SELECT REAL ESTATE

   HOLDINGS, L.L.C. cease and desist from any further attempts at

   Possession of Plaintiffs property. See Exhibit M.

36. That SELECT REAL ESTATE HOLDINGS, L.L.C. alleged purchase

Of the property located at 2123 Wisteria Way, Atlanta Georgia,

30317, was by virtue of " SALE UNDER POWER" that was revoked

Prior to the purchase. See Exhibit E.

## *RELIEF REQUESTED*

Wherefore the Plaintiff ask this Court to embrace the jurisdiction

Bestowed to this Court alone with respect to 15 USC 1635 (A)(B); REG.Z

15 (d)(2), 226.23 (d)(2) 28 USC 1441, 12 USC 2603(a) 2604(c) and

Regulation X 24 CFR section 3500.7 (a) and issue an emergency order

Thereby removing this matter from the State Court of DEKALB COUNTY

For lack of subject matter jurisdiction and grant the following relief:

(A) Pursuant to 15 USC 1635 (A)(B); REG.Z 15 (d)(2), 226.23 (d)(2) cancel entirely the loan Plaintiff signed on February 15, 2007 order that Wells Fargo Mortgage and or Option One Mortgage return all payments totaling $30,943.76.

(B) That Plaintiff credit standing be made whole by the admission by Wells Fargo and Option One Mortgage Companies of TILA violations.

(C) That the Defendants pay for all the cost of this action.

(D) That Ronald Wilborn , be awarded attorney fees.

(E) That the Court grant any and all relief it deems just and appropriate.

Respectfully submitted this 24-day of SEPTEMBER 2008.

BY: _Ronald Wilborn_____
RONALD WILBORN, C/O for
Plaintiff CAROLYN WILBON
P.O.BOX 170259
ATLANTA, GEORGIA, 30317
404 401-5859

## CERTIFICATION OF SERVICE

I, the undersigned hereby certify that I have this day served the foregoing Plaintiff's Answer to Defendants Reply by depositing a copy of same in the United States mail to the following:

Option One Mortgage Corp
CEO Fabiola Camperi
3 ADA
Irvine, CA 92618

BY: _Ronald Wilborn_____
RONALD WILBORN, C/O for
Plaintiff CAROLYN WILBON
P.O.BOX 170259
ATLANTA, GEORGIA, 30317
404 401-5859